# 2003 DTA 84

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I - SAN JUAN, PANEL II**

AUG 2 1 2003

SERIALS DEPT
LAW SCHOOL LIBRARY

COLEGIO DE ARQUITECTOS Y ARQUITECTOS PAISAJISTAS DE PUERTO RICO
Recurrente

v.

ARQTO. JOHN T. MACK
Recurrido

---------------------------------------------------

COLEGIO DE ARQUITECTOS Y ARQUITECTOS PAISAJISTAS DE PUERTO RICO
Recurrida

v.

ARQTO. JOHN T. MACK
Recurrente

Núms. Cons. KLRA-02-00835 / KLRA-02-00845

San Juan, Puerto Rico, a 6 de mayo de 2003

Panel integrado por su Presidente, la Jueza Fiol Matta
y los Jueces González Rivera y Rivera Martínez

González Rivera, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

En el recurso KLRA-02-00835 comparece el Colegio de Arquitectos y Arquitectos Paisajistas de Puerto Rico (en adelante el Colegio) para solicitar la revisión y revocación parcial de una resolución emitida el 10 de octubre de 2002 por la Junta Examinadora de Arquitectos y Arquitectos Paisajistas de Puerto Rico (en adelante la Junta). La misma concluye que un profesional de la arquitectura que le haya sido otorgado una licencia para la práctica de la arquitectura en Puerto Rico, pero que no ejerza la profesión en esta jurisdicción, no está obligado a pertenecer al Colegio.

Por otro lado, el arquitecto John T. Mack comparece en el recurso KLRA-02-00845 para solicitar la revisión y revocación parcial de la misma resolución en aquella parte mediante la cual le suspendió la licencia de reprocidad para ejercer la arquitectura en Puerto Rico por el término de un año y le impuso una sanción de $1,000.00. Según concluyó la Junta, el recurrente facilitó la práctica de la arquitectura en Puerto Rico a la firma de Perry L. Butcher & Associates, Architects (en adelante PLBAA), firma con cede principal en el estado norteamericano de Arkansas.

Veamos primero el marco de los hechos que motivaron la presentación de estos recursos. El Colegio presentó una querella en solicitud de acción disciplinaria ante la Junta contra el arquitecto Mack el 31 de agosto de 2000. Expresó en la misma que a éste le fue otorgada la licencia de reciprocidad número 16933 el 10 de noviembre de 1997. Adujo que desde entonces incumplió su obligación de ser miembro activo del Colegio. Señaló, además, que había advenido en conocimiento que la firma PLBAA, de la cual Mack es socio principal, había practicado y ofrecido practicar la arquitectura en Puerto Rico.

Celebrada vista administrativa, el 10 de octubre de 2002, se emitió la resolución recurrida. El Colegio, al eximir al arquitecto Mack del requisito de colegiación, estableció que el mero hecho de obtener una licencia por reciprocidad para practicar la arquitectura en Puerto Rico y no hacerse miembro del Colegio no es una práctica ilegal *per se*. Concluyó que la colegiación es compulsoria para ejercer la profesión en Puerto Rico; sin embargo, si el poseedor de la licencia no ejerce en esta jurisdicción, no está obligado a colegiarse.

Por otro lado, la prueba para sostener la sanción impuesta al arquitecto Mack consistió de una literatura promocional de PLBAA donde se hacía constar que la firma estaba autorizada para hacer negocios en Puerto Rico y tenía varios proyectos con Walmart. Así también, formó parte de la prueba una minuta del Colegio del 4 de abril de 2000 en la cual se hizo constar el resultado de una reunión llevada a cabo en ese día donde se establece que la firma PLBAA tiene varios proyectos con Walmart en Puerto Rico.

**II**

Atendamos, en primer, término el señalamiento de error contenido en el recurso KLRA-02-00835 presentado por el Colegio. El mismo impugna la conclusión de la Junta de que un arquitecto licenciado que no ejerce la profesión en Puerto Rico no está obligado a ser miembro del Colegio. Al respecto la Junta expresó:

*"De entrada, resolvemos que el mero hecho de obtener una certificación de licencia por reciprocidad para practicar la arquitectura en Puerto Rico y no hacerse miembro del Colegio no es una práctica ilegal per se. Ciertamente, la colegiación es compulsoria para ejercer efectivamente la profesión en Puerto Rico. Sin embargo, si el poseedor de la licencia no ejerce la profesión en esta jurisdicción nada lo obliga a colegiarse."*

Como hemos visto, nos corresponde resolver si un profesional debidamente licenciado, que no ejerce la profesión en Puerto Rico, está obligado a ser miembro del Colegio. Habiendo examinado las alegaciones de las partes y los documentos obrantes en autos, resolvemos.

La sección 3 de la Ley Núm. 96 del 6 de julio de 1978, 20 L.P.R.A. sec. 753, la cual creó el Colegio, dispone lo siguiente:

*"Celebrada la Asamblea General Constituyente del Colegio, **ninguna persona que no sea miembro del mismo podrá ejercer la profesión de arquitecto en Puerto Rico,** entendiéndose como arquitecto toda persona licenciada como tal por la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores de Puerto Rico."*

Por otro lado, la sección 4 de la misma ley, 20 L.P.R.A. sec. 754, dispone:

*"Serán **miembros del Colegio todos los arquitectos que estén admitidos a ejercer la profesión de arquitectura en el Estado Libre Asociado de Puerto Rico** con licencia y que cumplan con los deberes que este Capítulo les señala."*

Es un principio cardinal de hermenéutica que al interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los principios perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener. La obligación fundamental en estos casos es imprimirle efectividad a la intención legislativa, propiciando de esta forma la realización del propósito que persigue la ley. *Dorante v. Wrangler of P.R.,* 145 D. P.R. 408 (1998); *Vázquez v. A.R.P.E.,* 128 D.P.R. 513 (1991).

En la búsqueda de la voluntad legislativa, el tribunal debe acudir con prioridad al texto de la ley, pues cuando éste es claro y libre de ambigüedad, no debe ser menospreciado con el pretexto de cumplir su espíritu. Artículo 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. Además, se ha resuelto que el texto claro de una ley es la expresión por excelencia de la intención legislativa. *Rodríguez v. Méndez & Co.,* 147 D.P.R. 734 (1999).

A la luz de los preceptos antes esbozados, vemos que **ninguna persona que no sea miembro del Colegio podrá ejercer la profesión de la arquitectura en Puerto Rico**. Una simple lectura de la sección 4 antes mencionada demuestra con claridad que para **ejercer la mencionada profesión en Puerto Rico, hay que ser miembro del Colegio**. No encontramos nada en la redacción de las anteriores disposiciones legales que insinúe que la intención del legislador al aprobar la Ley Núm. 96, *supra*, fuera extender esa obligación a los que no ejercen profesión en Puerto Rico. Ninguna distinción hizo el legislador entre los que ejercen la profesión en y fuera de Puerto Rico. Debemos, pues, concluir que la intención del legislador fue de extender tal requisito únicamente a los profesionales que ejercen **en** Puerto Rico. Al respecto, debemos tener presente que un tribunal no está autorizado a adicionar a un estatuto restricciones o limitaciones que no aparezcan en el texto de la ley. *Román v. Superintendente*, 93 D.P.R. 685 (1966). Cuando los términos de un estatuto son claros y susceptibles de una interpretación inequívoca según el significado común y corriente de sus palabras y su construcción gramatical, los tribunales no deben intercalar palabras ni suplir omisiones al interpretarlo. *Meléndez v. Tribunal Superior*, 90 D.P.R. 656 (1964).

La interpretación administrativa realizada de la Ley Núm. 96, *supra*, por la Junta merece gran peso y

deferencia por ser razonable y compatible con el propósito legislativo a la luz de lo antes expuesto. *Com. Seguros P.R. v. Gen. Accident Ins. Co.*, 132 D.P.R. 543 (1993). En mérito de las anteriores consideraciones, resolvemos que el error imputado en el recurso KLRA-02-00835 no fue cometido.

### III

Atendamos el señalamiento de error contenido en el recurso KLRA-02-00845. Mediante el dictamen recurrido se le impuso al arquitecto Mack una suspensión de licencia de un (1) año y $1,000.00 de multa por facilitar la práctica de la arquitectura a la firma PLBAA. Notificadas las sanciones antes reseñadas e inconformes con ellas, el arquitecto Mack alega que la actuación de la Junta fue arbitraria, ya que hubo ausencia total de prueba para sustentar las mismas. Examinada la solicitud de revisión presentada por el arquitecto Mack, a la luz de la totalidad de los documentos incluidos en el apéndice y los fundamentos de la resolución recurrida, resolvemos que resulta procedente revocar la parte de la resolución cuya revisión se solicita.

Sabido es que las determinaciones de hechos de una agencia administrativa serán sostenidas por los tribunales si se basan en evidencia sustancial que obre en el expediente administrativo. *Hilton Hotels v. Junta Salario Mínimo*, 74 D.P.R. 670 (1953). Ahora bien, las conclusiones de derecho serán revisables por los tribunales en todos sus aspectos. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175. No obstante, como regla general, los tribunales reconocen gran peso y deferencia a las interpretaciones hechas por las agencias administrativas encargadas de poner en vigor una ley. Véase, *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 D.P.R. 425 (1997); *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521 (1993); *M & V Orthodontics v. Negdo. Seg. Empleo*, 115 D.P.R. 183 (1984); *J.R.T. v. Línea Suprema, Inc.*, 89 D.P.R. 840 (1964).

No empece esta diferencia, las interpretaciones de la agencia no contarán con la deferencia judicial si afectan derechos fundamentales, resultan ser irrazonables o conducen a la comisión de una injusticia. *Com. Seg. P.R. v. Antilles Ins. Co.*, 145 D.P.R. 226 (1998). Tampoco prevalece la interpretación de la agencia cuando la misma produce resultados inconsistentes o contrarios al propósito del estatuto interpretado. *Costa Wood v. Caguas Expressway Motors, Inc.*, **2000 J.T.S. 11**, resuelto el 29 de diciembre de 1999; *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992); *De Jesús v. Depto. Servicios Sociales*, 123 D.P.R. 407 (1989).

El arquitecto Mack alega que existe ausencia total de prueba para sostener las sanciones impuestas. Es norma establecida por el Tribunal Supremo de Puerto Rico que las agencias administrativas gozan de una amplia discreción en cuanto a la imposición de sanciones, pues ellas son las que día a día implantan la ley orgánica y los reglamentos y son las que por su conocimiento especializado están en mejor posición de establecer cuál es el efecto de la violación, sobre todo en el sector reglamentado. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., supra.* De ordinario, la revisión judicial de este tipo de actuación administrativa se limita a evaluar si los administradores actuaron ilegal o arbitrariamente al imponer la sanción. En consecuencia, debemos decidir si en el presente caso la actuación de la Junta al ordenar la suspensión de la licencia del arquitecto Mack por el término de un (1) año y una multa de $1,000.00, fue o no una arbitraria.

Examinados los autos ante nos, de los mismos se desprende que la única evidencia que tuvo ante su consideración la Junta para concluir que el arquitecto Mack facilitó ilegalmente la práctica de la arquitectura a PLBAA es un folleto promocional de la referida firma donde se expresa que está autorizada para hacer negocios en Puerto Rico y una minuta resultante de una reunión celebrada el 4 de abril de 2000 en la que supuestamente PLBAA admite tener varios proyectos en Puerto Rico.

Basado en estudios que hemos realizado de los autos, forzoso es concluir que efectivamente existe ausencia de prueba para demostrar la forma en que el arquitecto Mack facilitó a PLBAA la práctica de la arquitectura. Ante tal conclusión, resulta evidente que el arquitecto Mack ha demostrado que la conducta que se le imputa como transgresora de la ley no está sostenida por evidencia sustancial que obra en el expediente administrativo.

Ello afecta los derechos fundamentales que lo cobijan. El resultado de suspenderle la licencia por el término de un (1) año e imponerle una multa de $1,000.00 ciertamente conduce a una injusticia. Siendo la misma arbitraria, no puede prevalecer.

En mérito de lo antes expuesto, resolvemos que en el recurso KLRA-02-00835 es procedente denegar la expedición del auto de revisión solicitado. En cuanto al recurso KLRA-02-00845, resolvemos que es procedente expedir el auto de revisión solicitado para revocar aquella parte de la resolución que le impuso una suspensión de licencia por el término de un (1) año al arquitecto John T. Mack y una multa de $1,000.00. Se dictara sentencia de conformidad.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General