# 2007 DTA 85

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMON
PANEL V**

VILMA IRIS AVILÉS GONZÁLEZ Y OTROS
Demandantes-Apelados

v.

UPS DELIVERY SERVICES, INC.
Demandado-Apelante

Núm. KLAN-2006-01313

San Juan, Puerto Rico, a 26 de junio de 2007

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Soler Aquino y Vizcarrondo Irizarry

Rivera Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La señora Vilma I. Avilés González, por sí y en representación de su hijo menor de edad, Jonathan Lee Soto Avilés, y William Soto Avilés, un hijo mayor de edad de la señora Avilés González, presentaron una reclamación en daños y perjuicios contra UPS Delivery Services, Inc., (en adelante UPS), First Medical Clinic y los doctores Ramón Vidal y Elliot Meléndez el 15 de octubre de 2004. En la demanda se alegó que mientras la señora Avilés González trabajaba para UPS sufrió varios accidentes relacionados con su trabajo, que no fue orientada adecuadamente sobre su derecho a acudir al Fondo de Seguro del Estado (en adelante F.S.E.) para obtener beneficios y tratamiento y que las lesiones sufridas en su trabajo le han provocado incapacidad física permanente y angustias mentales.

Durante el trámite procesal del caso, los demandantes desistieron con perjuicio de su reclamación contra First Medical Clinic y los doctores Vidal y Meléndez.

El juicio contra UPS se celebró el 22 de junio de 2006. Por la parte demandante se presentó el testimonio de la señora Avilés González y el informe de su perito, doctor Eric J. Ramírez Díaz, previamente estipulado. La parte demandada no presentó prueba testifical, pues había anunciado como testigo a una empleada de UPS, ésta no

compareció al juicio y se le aplicó la presunción de que su testimonio le era adverso. Además, se admitió en evidencia múltiple prueba documental, gran parte de la cual se había estipulado durante la conferencia con antelación al juicio. La prueba documental, entre otras cosas, incluia expedientes del F.S.E., la Comisión Industrial y del tratamiento médico brindado por First Medical Clinic a la señora Avilés González.

Luego de la evaluación de los testimonios y de la evidencia documental presentada, el Tribunal de Primera Instancia, Sala de Bayamón (en adelante T.P.I.), dictó sentencia que fue notificada a las partes el 13 de septiembre de 2006. La sentencia determinó que UPS era responsable por los daños y perjuicios ocasionados a la señora Avilés González y le impuso una compensación de $35,000. El T.P.I. desestimó la causa de acción de los hijos de la señora Avilés González por no haberse presentado prueba alguna que las apoyara.

El 22 de septiembre de 2006, UPS presentó una moción para la determinación de hechos adicionales en otro caso, entre las mismas partes, el cual había concluido. Al percatarse del error, la representación legal de UPS presentó una moción aclaratoria, el 2 de octubre de 2006, en la que pretendió explicar su equivocación. El Tribunal no consideró la solicitud. El 13 de octubre de 2006 se presentó el escrito de apelación que nos ocupa.

En síntesis, UPS alega que erró el T.P.I. al negarse a formular determinaciones adicionales sobre hechos incontrovertidos, al concluir que la señora Avilés González tenía a su favor una causa de acción por la tardanza de UPS en informar el accidente del trabajo, al no determinar que la negligencia de la señora Avilés González fue la única causa que provocó la dilación en el trámite de beneficios y servicios en el F.S.E., al no determinar negligencia comparada y al determinar que UPS incurrió en negligencia al ordenar a la señora Avilés González que trabajara luego de haber sido dada de alta sin restricción alguna.

La señora Avilés González presentó su escrito en oposición. Teniendo el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II
## Las mociones de determinaciones de hechos adicionales y reconsideración

El primer asunto a resolver guarda relación con la petición de UPS para que desestimemos el recurso de apelación presentado por la señora Avilés González por ser prematuro, puesto que el T.P.I. no consideró la solicitud de determinaciones de hechos adicionales y reconsideración que presentara.

La sentencia dictada por el T.P.I. fue notificada a las partes el 13 de septiembre de 2006. UPS admite que el 22 de septiembre siguiente presentó la referida moción con un número de caso entre las mismas partes distinto al caso de epígrafe. De manera, que no fue hasta el 2 de octubre de 2006 que UPS compareció mediante moción aclaratoria y advirtió al T.P.I. su error.

El término para presentar la moción sobre determinación de hechos adicionales es de 10 días y tiene carácter jurisdiccional. *Véanse* Reglas 43.3 y 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. La moción de reconsideración debe ser presentada apropiadamente en 15 días de haberse archivado la sentencia y también es de carácter jurisdiccional. *Véanse* Reglas 47 y 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. La moción de reconsideración, para que interrumpa el término para acudir en apelación, debe ser acogida por el Tribunal. Regla 47 de Procedimiento Civil, *supra*.

Por tanto, el T.P.I. carecía de jurisdicción para atender la moción que UPS radicó incorrectamente en otro caso y, para todos los efectos, tardía. Es la equivocación de UPS al presentar la moción en otro caso, admitida al Tribunal en su comparecencia, lo que impidió que la moción fuera considerada. El error no fue cometido.

## III

**A. La Ley de Compensaciones por Accidentes en el Trabajo, 11 L.P.R.A. sec. 1 *et seq.***

La Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico reconoce el derecho de todos los trabajadores puertorriqueños a recibir protección contra riesgos a su salud e integridad personal en sus talleres de trabajo. Art. II, Sec. 16, Const. E.L.A., L.P.R.A., Tomo I, ed. 1999, pág. 352. Para instrumentar ese derecho, la Asamblea Legislativa ha promulgado múltiples leyes en beneficio de los trabajadores. *García v. Aljoma Lumber, Inc.*, **2004 J.T.S. 131**, 162 D.P.R. ___ (2004).

Así, por ejemplo, se aprobó la Ley de Compensaciones por Accidentes de Trabajo (en adelante Ley del F.S. E.), 11 L.P.R.A. sec. 1 *et seq.* Esta ley establece un fondo estatal de seguro, mediante la aportación patronal compulsoria, con el propósito de ofrecer un remedio cierto a los empleados que sufran lesiones, se incapaciten o mueran como consecuencia de un accidente ocurrido en el curso de sus labores. *Nieves Dairy Farm v. F.S.E.*, **2004 J.T.S. 161**, 163 D.P.R. ___ (2004); *Martínez v. Bristol Myers, Inc.*, 147 D.P.R. 383, 393 (1999); *Ortiz Pérez v. F.S.E.*, 137 D.P.R. 367, 372 (1994).

Al promulgar la Ley del F.S.E., la Asamblea Legislativa logró un balance justo y equitativo entre los intereses de los patronos y los empleados quienes obtienen importantes beneficios a cambio del libre ejercicio de sus derechos y prerrogativas tradicionales. 11 L.P.R.A. sec. 1a. *Véanse*, además, *Rivera v. Blanco Vélez Stores*, 155 D.P.R. 460, 466 (2001); *Torres v. Star Kist Caribe, Inc.*, 134 D.P.R. 1024, 1029 (1994).

El cumplimiento con las obligaciones que establece la ley otorga al patrono inmunidad contra cualquier acción civil en daños y perjuicios que pudiera presentar un obrero lesionado, independientemente de que haya mediado negligencia de su parte. *Martínez v. Bristol Myers, Inc.*, 147 D.P.R. 383, 395 (1999); *Torres Solís et al. v. A.E.E. et als.*, 136 D.P.R. 302, 308 (1994); *Admor. F.S.E. v. Flores Hnos. Cement Prods.*, 107 D.P.R. 789, 792 (1976). En sentido contrario, la ley dispone que un patrono no asegurado -aquél que no ha cumplido con los deberes de asegurar a sus trabajadores-, no gozará de inmunidad frente a una acción civil que pueda presentar un obrero lesionado.

Resulta pertinente a la controversia ante nos indicar que tanto el patrono como el obrero tienen el deber de acudir al F.S.E. en un término de cinco días luego de haber ocurrido el accidente en el trabajo. Artículo 5 y 13 de la Ley, 11 L.P.R.A. secs. 6 y 14. Este requisito persigue salvaguardar la prerrogativa del F.S.E. de realizar una investigación a los fines de determinar si el accidente es compensable o no. ■ *Santos et al. v. Lederle, supra,* págs. 825-826; *Padín v. Cía. Fom. Ind.*, 150 D.P.R. 403, 414 (2000); *González Saldaña v. Comisión Industrial*, 85 D.P.R. 700, 703 (1962). Sin embargo, el término de cinco días no es absolutamente inflexible; pues en los casos en que la demora pueda explicarse satisfactoriamente, el F.S.E. vendrá obligado a pagar al obrero la debida compensación. *González Saldaña v. Comisión Industrial, supra*, pág. 275. El requisito busca, además, que un obrero lesionado reciba rápidamente el tratamiento adecuado y así evitar que su condición se agrave o se prolongue innecesariamente el período de incapacidad, que conlleva mayores gastos para el F.S.E.

De forma que, si la tardanza no impide al F.S.E. realizar una investigación adecuada y el tratamiento médico ofrecido evitó que se agravara la condición del obrero, éste tendrá derecho a compensación independientemente de que él o su patrono hayan incumplido con su obligación de reportar el accidente dentro de los siguientes cinco días de que ocurriera. *Guzmán Muñoz v. Comisión Industrial*, 85 D.P.R. 700, 704 (1962).

Si el patrono no está asegurado, el obrero lesionado tiene a su disposición una dualidad de remedios que coexisten y son independientes entre sí: podrá radicar una petición de compensación ante la Comisión Industrial, de igual forma que si el patrono estuviera asegurado y, además, podrá ejercitar una acción civil ordinaria por los daños y perjuicios sufridos. 11 L.P.R.A. sec. 16. *Véanse*, además, *Marrero v. Caribbean Hosp. Corp. et al.*, 156 D.P.R. 327, 332 (2002); *Martínez v. Bristol Myers, Inc., supra*, pág. 399; *Vélez Sánchez v. Comisión Industrial,*

107 D.P.R. 797, 801 (1978). Esta acción, aunque se fundamenta en el Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, es de carácter excepcional, pues se asienta en el hecho básico de que el patrono no está asegurado por el F.S.E. *Vega v. Emp. Tito Castro, Inc.*, 152 D.P.R. 79, 86 (2000); *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746, 753 (1994).

La citada Sección 16 establece que en una acción de esta naturaleza el patrono no podrá interponer las defensas de negligencia contributoria, asunción de riesgo o que la lesión fue consecuencia de la negligencia de un contratista independiente. Sin embargo, en *Santos, et al v. Lederle*, 153 D.P.R. 812, 828, esc. 23 (2001), el Tribunal Supremo expresó:

"*[E]ntendemos que no es necesario que el obrero alegue "su falta absoluta de culpa". Ello debido a que, en el supuesto de que exista negligencia por parte del obrero, la indemnización puede reducirse por la negligencia comparada de éste. No podemos perder de vista que resolvimos este caso [refiriéndose a Torres v. Municipio de Ponce, 62 D.P.R. 711 (1943)] previo a la enmienda de 1956 del Art. 1802 del Código Civil, la cual añadió que "[l]a imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". (Citas omitidas).*"

## B. La responsabilidad civil del patrono no asegurado

La responsabilidad civil del patrono no asegurado emana del Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, que dispone:

"*El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.*"

La culpa o negligencia es la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente y razonable habría de prever en las mismas circunstancias. *Rivera v. S.L.G. Díaz*, **2005 J.T.S. 121**, 165 D.P.R. ___ (2005). Así pues, un elemento esencial de la culpa o negligencia es el factor de previsibilidad que incluye, tanto la obligación de anticipar, como la de evitar la ocurrencia de daños cuya probabilidad es razonablemente previsible. *López v. Porrata Doria*, **2006 J.T.S. 158**, 169 D.P.R. ___ (2006).

El Tribunal Supremo ha señalado que para que surja la obligación de resarcir un daño es necesario que concurran los siguientes elementos: la ocurrencia de un daño, una acción u omisión culposa o negligente y la relación causal entre el daño y la conducta culposa o negligente. *Toro Aponte v. E.L.A.*, 142 D.P.R. 464, 473 (1997); *Ramírez v. E.L.A.*, 140 D.P.R. 385, 391 (1996).

Refiriéndose específicamente a la determinación de responsabilidad civil que surge por una omisión, el Tribunal Supremo ha señalado dos factores que debe considerarse: la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño y si, de haberse realizado el acto omitido, se hubiera evitado el daño. *Admor. F.S.E. v. ANR Const. Corp*, **2004 J.T.S. 162**, 163 D.P.R. ___ (2004); *Soc. Gananciales v. G. Padín Co., Inc.*, 117 D.P.R. 94, 106 (1986).

La parte que presente una reclamación al amparo del Artículo 1802, *supra*, tiene el peso de establecer mediante prueba que el daño sufrido se debió, con mayor probabilidad, a la negligencia del demandado. Ello corresponde con el precepto evidenciario que impone el peso de la prueba a la parte que sostiene la afirmativa de una controversia. Regla 10 de Evidencia, 32 L.P.R.A. Ap. IV.

El Tribunal Supremo ha reconocido la existencia de una causa de acción en daños y perjuicios por la omisión

del patrono en informarle al F.S.E. la ocurrencia de un accidente. *Santos et al. v. Lederle*, 153 D.P.R. 812, 827 (2001); *Alonso García v. Comisión Industrial*, 103 D.P.R. 751, 753 (1975); *Torres v. Municipio de Ponce*, 62 D. P.R. 711, 718 (1943). Bajo este supuesto, el obrero debe alegar y probar: (1) que le notificó a su patrono el accidente ocurrido; (2) que reportó dicho accidente al F.S.E.; (3) que el F.S.E. le denegó la compensación porque el patrono no informó el accidente o no explicó satisfactoriamente su tardanza en presentarse al F.S.E.; y (4) que apeló la denegación del F.S.E. *Santos et al. v. Lederle, supra*, págs. 827-828; *Torres v. Municipio de Ponce, supra*, pág. 717.

## IV

La sentencia y los escritos presentados por ambas partes coinciden con la mayoría de los hechos. Sin embargo, cada parte los interpreta y les adjudica consecuencias jurídicas distintas.

Los siguientes hechos no son motivo de controversia. La señora Avilés González se desempeñó como *loader* para la empresa UPS desde el año 1998 hasta el 13 de agosto de 2002, fecha en que fue despedida mediante carta. La posición de *loader* implicaba el recogido y movimiento de carga. La empresa UPS refería sus empleados con lesiones físicas a ser atendidos por First Medical Clinic.

Durante el término de su empleo, la señora Avilés González sufrió dos accidentes. El primero de ellos ocurrió el 12 de enero de 1999 cuando la señora Avilés González sintió un fuerte dolor de espalda al levantar una caja. UPS refirió a la señora Avilés González a First Medical Clinic y allí le recomendaron descanso hasta el 18 de enero de 1999. El segundo accidente ocurrió durante la madrugada del 18 de agosto de 1999 (3:10 a.m.) cuando la señora Avilés González recibió un golpe en la cabeza que le generó sangrado y contusiones en el cuello. En esta ocasión, un supervisor acompañó a la señora Avilés González a recibir tratamiento a First Medical Clinic donde se le recomendó descanso hasta el 23 de agosto siguiente. Llegado el día, un doctor de First Medical Clinic evaluó a la señora Avilés González y autorizó su reincorporación al trabajo.

En ninguna de las dos ocasiones UPS informó a la señora Avilés González de su derecho a ir al F.S.E. ni reportó por escrito a la referida entidad gubernamental los incidentes ocurridos el 12 de enero y el 18 de agosto de 1999. UPS no tenía póliza vigente con el F.S.E. y posteriormente fue declarado como *"patrono no asegurado"*.

Así las cosas, el 28 de julio de 2000, la señora Avilés González se reportó al F.S.E. y alegó sufrir una condición emocional relacionada con un incidente con su supervisor. El F.S.E. adjudicó el incidente como uno no relacionado al trabajo y archivó el caso. El 10 de agosto de 2000, la señora Avilés González se reportó nuevamente al F.S.E. y alegó que su condición de la espalda se había agravado por continuar realizando labores de carga y descarga de mercancía en su área de trabajo.

El F.S.E., luego de realizar las evaluaciones correspondientes, determinó que la señora Avilés González podía recibir servicios, pero no compensación, pues se había incurrido en tardanza de 19 meses en reportar los incidentes sin evidencia de que hubiese recibido tratamiento médico. Posteriormente, la Comisión Industrial revocó la decisión del F.S.E. y reconoció el derecho de la señora Avilés González a recibir servicios y compensación por ambos accidentes.

En la sentencia se le imputa negligencia a UPS por no brindar a la señora Avilés González un ambiente de trabajo seguro; no tomar las medidas apropiadas para ayudarla en su recuperación y evitar futuras lesiones; no orientarla adecuadamente sobre sus derechos en el F.S.E.; y no notificar al F.S.E. el accidente.

El T.P.I. expresamente concluyó que la incapacidad de la señora Avilés González y la condición de su espalda fueron consecuencia de los traumas acumulados y repetidos producto de su trabajo como *loader* en la empresa UPS. El informe pericial del doctor Ramírez Díaz, estipulado por las partes, sostiene y corrobora tal conclusión. El T.P.I. concluyó, además, que la actuación de UPS en referir a la señora Avilés González a First

Medical Clinic indujo a la demandante a error y evitó que ésta acudiera, en primera instancia, al F.S.E. para recibir los beneficios y tratamiento a los que tenía derecho en ley. El incumplimiento con su obligación de notificar el accidente tuvo el efecto de prolongar por casi tres años el trámite administrativo, puesto que el F.S.E., en su determinación inicial, concedió a la señora Avilés González servicio pero no le reconoció derecho a compensación por lo cual fue necesario que ésta recurriera ante la Comisión Industrial. Ello provocó que la señora Avilés González dejara de recibir compensación por un período de tiempo en que además estaba imposibilitada de generar ingresos debido a su condición de salud y padecimiento de depresión.

## V

En su escrito de apelación, UPS alega que se le imputó negligencia por no informar al F.S.E. la ocurrencia de los accidentes de trabajo en el término de 5 días establecido en el Artículo 13 de la Ley del F.S.E., *supra*. Afirma que el Artículo 5 de la ley, *supra*, impone igual responsabilidad al obrero y que, toda vez que la señora Avilés González tampoco informó al F.S.E. la ocurrencia del accidente, no tiene una causa de acción válida y, si la tuviera, fue su propia negligencia la única causa de que estuviera temporalmente privada de la compensación que provee el F.S.E., o por lo menos, que incurrió en negligencia comparada.

El Tribunal Supremo ha reconocido una causa de acción en daños y perjuicios contra un patrono que no cumple con su obligación de informar al F.S.E. la ocurrencia del accidente. Por tanto, no puede aducirse que la inacción del obrero le prive de su posibilidad de reclamar la causa de acción que la ley le reconoce. Lo determinante resulta ser entonces si la señora Avilés González probó sus alegaciones conforme a la teoría general de daños y perjuicios y si puede atribuírsele negligencia comparada por los daños sufridos.

De los hechos incontrovertidos surge claramente la negligencia del patrono al incumplir su obligación de notificar al F.S.E. el accidente ocurrido a la señora Avilés González. Asimismo, nos resulta palpable el perjuicio experimentado por la señora Avilés González a raíz del trámite accidentado en el F.S.E. –que se alargó por tres años– para lograr obtener los beneficios a los que tenía derecho. Todo ello se hubiese evitado, si el patrono hubiera cumplido con su responsabilidad legal. No erró el T.P.I. al adjudicarle responsabilidad a UPS por su omisión en notificar los accidentes experimentados por la señora Avilés González.

Nos resta por determinar si la señora Avilés González contribuyó a los daños sufridos por no acudir al F.S.E. según requiere la Ley del F.S.E. y si procede reducir la indemnización otorgada en proporción a su negligencia. UPS argumenta que el desconocimiento, aducido por la señora Avilés González para justificar su tardanza en reportarse al F.S.E., es un mero pretexto y no la excusa de su incumplimiento. Arguye, además, que la señora Avilés González tenía conocimiento de la existencia de la agencia desde 1981 cuando acudió para recibir tratamiento y beneficios tras sufrir un accidente ocupacional.

Coincidimos con el T.P.I. en cuanto al deber indelegable que tiene todo patrono de orientar a sus empleados sobre sus derechos, como lo es acudir al F.S.E. a recibir tratamiento médico. El foro de instancia concluyó, tras evaluar la prueba, que la acción del patrono de referir a la señora Avilés González a First Medical Clinic la indujo a error y esa fue la razón para que acudiera tardíamente al F.S.E. Se trata de una determinación del T.P.I. a base de la apreciación de la prueba y, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, su conclusión nos merece deferencia. *Mun. de San Juan v. J.C.A.*, 149 D.P.R. 263, 280 (1999); *Franco v. Depto. de Educación*, 148 D.P.R. 703, 709 (1999).

Por último, UPS alega que el T.P.I. erró en imputarle negligencia por exigir a la señora Avilés González trabajar cuando ésta había sido dado de alta sin restricción alguna. Es el deber de todo patrono proveer un ambiente de trabajo seguro para sus empleados. No obstante, la señora Avilés González afirma, y el T.P.I. le confirió credibilidad, que solicitó en varias ocasiones que le asignaran labores distintas a las de carga y descarga de mercancía y que UPS nada hizo. El expediente médico de la señora Avilés González refleja que su incapacidad, equivalente a un 13%, es producto de las repetidas lesiones al área lumbar en el desempeño de sus

funciones como *loader* en la empresa UPS. Es forzoso concluir que si UPS hubiese atendido el reclamo de la señora Avilés González en cumplimiento de su obligación, se hubiera evitado el daño sufrido. No erró el T.P.I. al imponerle responsabilidad a UPS por ignorar la solicitud de la señora Avilés González y requerirle que continuara realizando labores que agravaron su condición física.

## VI

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones