Petra Marrero Cancel, peticionaria, *v.* Caribbean Hospital Corporation et al., recurridos.

*Número:* AC-2000-44          *Resuelto:* 11 de marzo de 2002

*John Donato Olivencia* y *Josué A. Rodríguez Rivera*, abogados de la parte peticionaria; *Gail Ramos Martínez*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

I

El 9 de enero de 1991 Petra Marrero Cancel (en lo sucesivo Marrero Cancel o la peticionaria) sufrió una caída

mientras rendía sus servicios como cocinera en el Caribbean Hospital Corporation en Manatí (en lo sucesivo Caribbean Hospital). Debido a las lesiones sufridas en su espalda, el 14 de enero de 1991 Marrero Cancel acudió a la Corporación del Fondo de Seguro del Estado (en lo sucesivo el Fondo) para así recibir el tratamiento médico correspondiente. Tras casi diez meses de tratamiento médico, el 1ro de noviembre de 1991 el Fondo dio de alta a la peticionaria.

Mediante Decisión de 10 de abril de 1992, el Administrador del Fondo declaró a Caribbean Hospital patrono no asegurado por no haber pagado las primas correspondientes. Se certificó la debida notificación de dicha decisión a la dirección de la peticionaria y del patrono Caribbean Hospital.

Inconforme con la determinación de patrono no asegurado emitida por el Administrador del Fondo, Caribbean Hospital recurrió ante la Comisión Industrial (en lo sucesivo la Comisión). El 25 de noviembre de 1998 se celebró una vista pública ante la Comisión. A ésta compareció la peticionaria y alegó que la decisión del Administrador del Fondo nunca le fue notificada, por lo que no fue hasta dicho momento que tuvo conocimiento de la determinación de patrono no asegurado y solicitó que se le entregara copia de la decisión concernida. El 11 de febrero de 1999 la Comisión confirmó la decisión del Fondo en la que se declaró a Caribbean Hospital patrono no asegurado.

Posterior a la vista de 25 de noviembre de 1998 y antes de la Resolución de 11 de febrero de 1999, Marrero Cancel reclamó a Caribbean Hospital daños y perjuicios mediante demanda presentada ante el Tribunal de Primera Instancia (TPI) el 7 de enero de 1999. El 21 de octubre de 1999 Caribbean Hospital presentó una solicitud de sentencia sumaria en la cual alegó que el término prescriptivo para presentar la acción de daños y perjuicios comenzó a transcurrir el 10 de abril de 1992, razón por la cual arguyó que

dicha acción estaba prescrita. Por su parte, el 10 de noviembre de 1999 Marrero Cancel se opuso a la solicitud de sentencia sumaria. Alegó que no fue hasta el 25 de noviembre de 1998 que tuvo conocimiento de la decisión del Fondo en la cual se declaró a Caribbean Hospital patrono no asegurado.

El 28 de diciembre de 1999 el TPI emitió una Sentencia en la cual declaró ha lugar la solicitud de sentencia sumaria. Concluyó el TPI que, conforme a las Reglas de Evidencia, en específico la Regla 16(24), 32 L.P.R.A. Ap. IV, debía presumir que la peticionaria había sido notificada de la decisión del Fondo emitida el 10 de abril 1992, por lo que la acción ante sí estaba prescrita.

Por entender que el TPI había errado en su determinación, el 2 de marzo de 2000 Marrero Cancel presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones (TCA). Así, el 26 de mayo de 2000 el TCA emitió una Sentencia a los fines de confirmar lo resuelto por el TPI. Determinó el foro apelativo intermedio que el término "prescriptivo" en casos de patronos no asegurados comienza a transcurrir a partir de la declaración del Fondo en contra del patrono. Entendió, además, que la peticionaria podía presentar su reclamación aunque se estuviera dilucidando el asunto ante la Comisión, ya que según determinó dicho foro, no era necesario que la decisión del Fondo adviniera final y firme para así poder presentar su causa de acción en daños y perjuicios. Es el criterio del TCA que su decisión está avalada por lo resuelto en *Padín v. Cía. Fom. Ind.*, 150 D.P.R. 403 (2000), y en *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746 (1994).

De la Sentencia emitida por el TCA, recurre ante nosotros Marrero Cancel mediante escrito de apelación presentado el 3 de julio de 2000. Como único señalamiento de error la peticionaria alega que el TCA incidió al determinar que la causa de acción estaba prescrita.

Mediante Resolución de 1ro de septiembre de 2000, acogimos el escrito de apelación como un recurso de *certiorari* y procedimos a expedirlo. Contando con la comparecencia de las partes, resolvemos.

## II

Conforme a la Constitución del Estado Libre Asociado de Puerto Rico, en el Art. II, Sec. 16 de su Carta de Derechos, L.P.R.A., Tomo 1, todo trabajador tiene el derecho de estar protegido contra riesgos a su salud en su trabajo o empleo. Así lo reconoce la Ley Núm. 45 de 18 de abril de 1935 (11 L.P.R.A. sec. 1 *et seq.*), según enmendada, conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo (en lo sucesivo Ley de Compensaciones). La Ley de Compensaciones establece un sistema de beneficios para casos en que los trabajadores se lesionen, enfermen o mueran, haciendo un acomodo justo y equitativo de los intereses de los patronos y empleados.

> [L]a Asamblea Legislativa reconoce el principio de que el riesgo de sufrir accidentes del trabajo es uno de tipo fundamental que necesariamente requiere acción gubernamental. Como hasta el presente, esta acción gubernamental debe estar basada en la teoría del contrato social, que consiste en el acomodo justo y equitativo de los intereses de patronos y empleados, donde ambos reciben importantes beneficios a cambio del libre ejercicio de sus derechos o prerrogativas tradicionales. Los trabajadores ceden en cierta medida su derecho a demandar a su patrono a cambio de un beneficio que puede eventualmente resultar menor, pero que es uno seguro, inmediato y cierto. Art. 1a de la Ley de Compensaciones, 11 L.P.R.A. sec. 1A.

La Ley de Compensaciones es un estatuto de carácter remedial, cuyo propósito es proteger y beneficiar a los obreros que sufran algún tipo de accidente, lesión o enfermedad en el curso de sus trabajos. *Lebrón Bonilla v. E.L.A.*, 155 D.P.R. 475 (2001); *Cátala v. F.S.E.*, 148 D.P.R. 94 (1999);

*Pacheco Pietri y otros v. E.L.A. y otros*, 133 D.P.R. 907, 914 (1993).

> Así, dicha Ley establece un sistema de seguro compulsorio, mediante la correspondiente aportación patronal, que persigue proveer un remedio expedito y eficiente para los empleados. Dicho seguro compensa al obrero que se ha lesionado, incapacitado, enfermado o fallecido a causa de un accidente ocurrido en el trabajo. *Lebrón Bonilla v. E.L.A.*, supra, págs. 7–8. Véase, además, *Martínez v. Bristol Myers, Inc.*, 147 D.P.R. 383 (1999).

■ Según surge de la política pública de la ley, como norma general el patrono posee inmunidad contra acciones de daños y perjuicios por accidentes laborales, siempre y cuando sea uno asegurado, es decir, que haya cumplido con las disposiciones de la ley concernida. Art. 1a de la Ley de Compensaciones, *supra*. Sin embargo, como excepción a la norma, si el patrono no es asegurado por no haber cumplido con las disposiciones de la Ley de Compensaciones, el obrero perjudicado o sus beneficiarios podrán: (1) proceder contra el patrono presentando una petición de compensación ante la Comisión, y (2) reclamar al patrono los daños y perjuicios resultantes del accidente en el trabajo mediante una acción civil ordinaria. Art. 15 de la Ley de Compensaciones, 11 L.P.R.A. sec. 16.[1] *Martínez v. Bristol Myers, Inc.*, supra; *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746 (1994).

■ Respecto a la acción civil, en *Vélez Sánchez v. Comisión Industrial*, 107 D.P.R. 797, 801 (1978), resolvimos que un obrero tiene derecho a reclamar daños y perjuicios en el ámbito judicial en contra de su patrono no asegurado

---

[1] En lo pertinente, el Art. 15 de la Ley de Compensaciones, 11 L.P.R.A. sec. 16, dispone:

"Si cualquier patrono de los comprendidos en este capítulo dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con el mismo, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si este capítulo no fuera aplicable."

sin que para ello sea necesaria una determinación previa del Fondo en cuanto a la condición del patrono. La determinación del Fondo de la condición de patrono no asegurado es una etapa inicial dentro del trámite administrativo, pero esta determinación no constituye un requisito previo ni mucho menos jurisdiccional para la adjudicación de la acción ante el foro judicial. *Vélez Sánchez v. Comisión Industrial*, supra. Véanse, además: *Vega v. Emp. Tito Castro, Inc.*, 152 D.P.R. 79 (2000); *Martínez v. Bristol Myers, Inc.*, supra.

Añadimos a nuestro planteamiento anterior lo siguiente:

> Dicha condición de patrono no asegurado es susceptible de determinación sin gran dificultad por los tribunales y no hay razón para detener la marcha eficiente del procedimiento civil en espera de un trámite administrativo, que en ley no precede sino que coexiste como opción, con la acción civil. *Vélez Sánchez v. Comisión Industrial*, supra, págs. 801–802.

Respecto a nuestras expresiones en *Vélez Sánchez v. Comisión Industrial*, supra, en *Vega v. J. Pérez & Cía., Inc.*, supra, pág. 757, aclaramos:

> En dicho caso no teníamos propiamente ante nos una cuestión de prescripción. Allí el obrero presentó una demanda bajo el Art. 1802 del Código Civil, *supra*, contra su alegado patrono. El Tribunal a quo declaró sin lugar la demanda y determinó que el demandante no era empleado del demandado el día del accidente, sino de otro patrono. Lo que dio lugar al recurso fue que antes de dictarse esta sentencia el Fondo determinó que dicho demandado no era un patrono asegurado. El obrero entonces presentó otra acción idéntica contra el mismo demandado ante la Comisión y el alegado patrono invocó la defensa de cosa juzgada. La Comisión se negó a aceptar tal defensa. Adujo que el tribunal de instancia había actuado *sin jurisdicción* al dictar la anterior sentencia, porque no existía una determinación previa del Fondo de que el demandado era patrono no asegurado. Al revocar la decisión de la Comisión, resolvimos concretamente que el obrero en ese caso tenía derecho a ejercitar su acción ante los tribunales o ante la Comisión, pero que una vez escogía la vía judicial, la resultante

sentencia del Tribunal Superior, al advenir firme, era oponible como cosa juzgada respecto a la misma acción presentada luego ante la Comisión. (Énfasis en el original.)

■ Anteriormente hemos expresado que la acción civil en contra de un patrono no asegurado prescribe al año, ello por ser de aplicación el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, a los fines de que el patrono que cause daño a sus empleados, interviniendo culpa o negligencia, tiene la obligación de reparar el daño causado. *Martínez v. Bristol Myers, Inc.*, supra. Como en toda acción de daños y perjuicios, el término prescriptivo comienza a decursar a partir de la fecha en que el perjudicado tuvo conocimiento del daño (Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298),[2] como así también de la identidad del causante del mismo (*Sánchez v. Aut. de los Puertos*, 153 D.P.R. 559 (2001); *Allende Pérez v. García*, 150 D.P.R. 892 (2000); *Vega v. J. Pérez & Cía., Inc.*, supra, pág. 754; *Riley v. Rodríguez de Pacheco*, 119 D.P.R. 762, 775–776 (1987); *Rivera Encarnación v. E.L.A.*, 113 D.P.R. 383, 385 (1982)).

En aquellos casos en que el Fondo determina que el patrono no está asegurado, se considerará la fecha en que el Fondo notifique su decisión como el momento en que el obrero lesionado tuvo conocimiento del daño. A tenor con lo resuelto en *Vega v. J. Pérez & Cía., Inc.*, supra, es a partir de dicha notificación que comienza a transcurrir el término prescriptivo para que el obrero pueda instar una acción judicial en contra de un patrono no asegurado. En vista de que la acción de daños y perjuicios en contra de un patrono no asegurado está fundamentada esencialmente en el hecho de que éste no está asegurado, el conocimiento de dicha condición adquiere especial importancia al conside-

---

(2) El Art. 1868 del Código Civil dispone:

"Prescriben por el transcurso de un (1) año:

"(1) La acción para recobrar o retener la posesión.

"(2) La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado."

rar presentar la acción. *Vega v. J. Pérez & Cía., Inc.*, supra, pág. 753.

> Si el obrero lesionado desconoce el elemento crucial de que su patrono no está asegurado, tampoco puede conocer que ha nacido a su favor una acción de daños y perjuicios en contra del patrono, que de otro modo no existiría. *Martínez v. Bristol Myers, Inc.*, supra, pág. 405.

Anteriormente expresamos que, aun cuando los tribunales poseen la capacidad para determinar si un patrono está o no asegurado en acciones como las consideradas en *Vélez Sánchez v. Comisión Industrial*, supra, lo más conveniente es que sea el Fondo quien realice dicha determinación inicialmente. *Vega v. J. Pérez & Cía., Inc.*, supra, pág. 758. "De esta forma se promueven las decisiones mejor informadas a la vez que se reducen las posibilidades de adjudicaciones conflictivas o incompatibles." Íd. De esta manera se establece un modo uniforme de notificación para que los obreros lesionados puedan incoar el pleito correspondiente. Íd.

Así, en *Martínez v. Bristol Myers, Inc.*, supra, resolvimos que el término prescriptivo para que un obrero instara una acción de daños y perjuicios en contra de su patrono estatutario no asegurado comenzó a transcurrir a partir de la fecha en que conoció que tanto su patrono como el patrono estatutario no habían cumplido con su obligación de pagar las primas de seguro conforme a la Ley de Compensaciones. En *Padín v. Cía. Fom. Ind.*, supra, resolvimos que el término prescriptivo para que un obrero inste una acción de daños y perjuicios contra un tercero responsable del daño cuando el Fondo determina que un accidente no es compensable, comienza a transcurrir a partir de la notificación de la decisión del Fondo.

Debemos aclarar que en los casos previamente citados en este acápite no nos expresamos en cuanto a qué ocurre cuando el patrono apela ante la Comisión respecto a una determinación de patrono no asegurado emitida por el

Fondo. En dichos casos no estuvo en controversia si la determinación del Fondo debía advenir final y firme a los fines de atribuir al lesionado el conocimiento de la condición de no asegurado de su patrono.

### III

En el caso de autos, el TCA concluyó que el término prescriptivo para que Marrero Cancel instara la acción de daños y perjuicios en contra de Caribbean Hospital comenzó a transcurrir a partir de la fecha en que el Fondo notificó su determinación de patrono no asegurado. Indicó, además, que en casos como el de autos no es necesario que la decisión del foro administrativo advenga final y firme. Al así resolver, sostuvo que sus determinaciones estaban avaladas por nuestras decisiones en *Vega v. J. Pérez & Cía., Inc.*, supra, y *Padín v. Cía. Fom. Ind.*, supra.

De entrada, debemos señalar que tanto *Vega v. J. Pérez & Cía., Inc.*, supra, como en *Padín v. Cía. Fom. Ind.*, supra, las decisiones del Fondo habían advenido finales y firmes. La situación en el caso de autos es claramente distinguible a la presentada en los casos antes mencionados. Por primera vez nos enfrentamos a la interrogante de si es necesario que la determinación administrativa advenga final y firme para que así comience a decursar el término prescriptivo para que un obrero o trabajador inste una acción de daños y perjuicios en contra de su patrono no asegurado. Esta controversia no fue planteada en los casos que el TCA utilizó para fundamentar su dictamen en el caso ante nos.

Conforme expresáramos en *Vega v. J. Pérez & Cía., Inc.*, supra, la acción en daños y perjuicios en contra de un patrono asegurado está esencialmente basada en el hecho fundamental de que éste no está asegurado. Entendemos que si el obrero o empleado adviene en conocimiento de la condición de no asegurado de su patrono en virtud de una

decisión del Fondo, tal hecho no puede ser concluyente sin que antes le demos una oportunidad al patrono de impugnar dicha determinación conforme a las normas de derecho vigente. Por ello, en aras de la economía procesal y la conveniencia de que las controversias ante el Fondo se adjudiquen en su totalidad, resolvemos que para que el término prescriptivo en acciones de daños y perjuicios en contra de patronos no asegurados comience a transcurrir, es necesario que la determinación del Fondo de que el patrono no está asegurado advenga final y firme.

Nuestra conclusión adquiere mayor justificación en aquellos casos en que el patrono ha recurrido ante la Comisión para impugnar la determinación de patrono no asegurado. De esta forma, no sólo protegemos el derecho del lesionado a ser resarcido por los daños sufridos, sino que a su vez salvaguardamos el derecho del patrono a un debido proceso de ley. En estos casos el término prescriptivo comenzará a transcurrir a partir de la fecha en que advenga final y firme el dictamen de la Comisión donde se confirme o declare que el patrono no está asegurado.

Resolver que el término prescriptivo para que un obrero o trabajador lesionado inste una acción civil en contra de su patrono comienza a transcurrir a partir de la fecha de la notificación del Fondo, aun cuando el alegado patrono no asegurado ha recurrido ante la Comisión para cuestionar precisamente la determinación de patrono no asegurado, desarticularía los propósitos y la política pública de la Ley de Compensaciones. Además, dicha premisa sería incompatible con lo resuelto en *Vega v. J. Pérez & Cía., Inc.*, supra, a los efectos de reducir las posibilidades de adjudicaciones conflictivas o inconsecuentes y promover, a su vez, decisiones mejor informadas.

■ En síntesis, el término prescriptivo para ejercitar la acción de daños y perjuicios en casos de patronos no asegurados comienza a transcurrir a partir de la fecha de la notificación del Fondo que decreta la condición de pa-

trono no asegurado, siempre y cuando la decisión no sea apelada ante la Comisión, y por ende advenga final y firme. Una vez el patrono recurra de dicha determinación, no podrá imputarse al obrero el conocimiento de la condición de no asegurado de su patrono hasta que la Comisión resuelva y su determinación advenga final firme.

Debemos aclarar que lo aquí resuelto no altera nuestros pronunciamientos en *Vélez Sánchez v. Comisión Industrial*, supra, y en *Vega v. J. Pérez & Cía., Inc.*, supra. Nuestra decisión se limita a resolver que no podrá imputarse a un obrero el éste conocer la condición de no asegurado de su patrono hasta que la determinación del Fondo advenga final y firme.

## V

Por las razones que anteceden, procede revocar el dictamen del Tribunal de Circuito de Apelaciones y la Sentencia Sumaria emitida por el Tribunal de Primera Instancia.

Se devolverá el caso al Tribunal de Primera Instancia para que continúe con la tramitación de éste en armonía con lo aquí resuelto.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado con una opinión escrita. La Juez Asociada Señora Naveira de Rodón concurrió con el resultado sin opinión escrita.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Hernández Denton.

Concurrimos con la Opinión del Tribunal que revoca la decisión del Tribunal de Circuito de Apelaciones por entender que en esta etapa de los procedimientos era innecesa-

rio expresarnos en cuanto a la aplicación de la doctrina de prescripción extintiva al presente caso. En su lugar, debimos limitarnos a resolver que no procedía dictar sentencia sumaria porque en el caso de autos existe una controversia genuina sobre un hecho material: la notificación de la decisión del Fondo del Seguro del Estado (Fondo) de que el patrono no estaba asegurado. Veamos.

## I

La sentencia sumaria es un mecanismo procesal discrecional y extraordinario que sólo debe concederse cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba. *García Rivera et al. v. Enríquez*, 153 D.P.R. 323 (2001); *Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716 (1994); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, (Luiggi Abraham, editor), San Juan, Pubs. J.T.S., 2000, T. II, págs. 590 y ss. En caso de duda sobre la existencia de controversia sobre hechos, se debe resolver en contra de quien presentó la sentencia sumaria. El Tribunal de Primera Instancia debe cerciorarse de la total inexistencia de controversia fáctica y que sólo reste aplicar el derecho, de lo contrario, no procede una sentencia sumaria. *García Rivera et al. v. Enríquez*, supra; *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R. 613 (1990).

## II

En el presente caso, Caribbean Hospital Corporation alegó, en su solicitud de sentencia sumaria, que el término prescriptivo para interponer la presente acción de daños y perjuicios comenzó a decursar a partir del 10 de abril de 1992, fecha en que el Fondo hizo la determinación de pa-

trono no asegurado. Por lo tanto, sostuvo que la acción estaba prescrita. Por su parte, la Sra. Petra Marrero Cancel se opuso al alegar que nunca fue notificada de dicha determinación del Fondo. Aclaró que no fue hasta el 25 de noviembre de 1998, fecha de la vista pública ante la Comisión Industrial, que advino en conocimiento de que el Fondo había resuelto que su patrono era uno no asegurado.

Conforme a lo anterior, se debió dilucidar, en primer lugar, si la señora Marrero Cancel fue debidamente notificada de la determinación de patrono no asegurado emitida por el Fondo. De determinarse que ella no fue debidamente notificada a la luz de nuestra normativa, el término prescriptivo para presentar su causa de acción aún no había comenzado a decursar. *Martínez v. Bristol Myers, Inc.*, 147 D.P.R. 383 (1999); *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746 (1994). De concluirse lo contrario, entonces sí habría que dilucidar la controversia que la Opinión del Tribunal aquí resuelve.

Ante la existencia de controversia sustancial sobre este hecho material, no procedía dictar sentencia sumaria. Es por este fundamento, en particular, por lo que revocamos la decisión del Tribunal de Circuito de Apelaciones en el caso de autos y devolvemos el caso al foro de instancia para resolver dicha controversia de hechos.