Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MIGDALIA VIERA TORRES Parte Recurrida v. OFICINA DE SERVICIOS LEGISLATIVOS Patrono **CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO Parte Recurrente** | KLRA202200680 | Revisión de Decisión Administrativa procedente la Comisión Industrial de Puerto Rico Caso núm.: C.I. 20-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-01 Caso C.F.S.E. 18-15-37224 Sobre: Incapacidad Total Preexistente Derecho a Tratamiento |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.[1]

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece la Corporación del Fondo del Seguro del Estado (Recurrente o Corporación del Fondo) mediante *Recurso de Revisión* y nos solicita que revisemos y revoquemos la *Resolución* que emitió la Comisión Industrial de Puerto Rico (Recurrida o Comisión Industrial) el 8 de septiembre de 2022[2]. En el dictamen, la Comisión Industrial decidió revocar la determinación que emitió el Administrador de la Corporación del Fondo el 23 de enero de 2020, al resolver que la señora Migdalia Viera Torres (Recurrida o señora Viera Torres) tenía derecho a recibir los beneficios reconocidos en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. 1 *et seq.*, (Ley de Compensaciones).

---

[1] Véase Orden Administrativa OAJP-2022-099A.
[2] La *Resolución* fue registrada y notificada el 20 de octubre de 2022.

Número Identificador
SEN2023_____

Evaluados los autos del caso a la luz del derecho aplicable, modificamos la determinación de la Comisión Industrial.

**I.**

El 18 de mayo de 2018, la señora Viera Torres se presentó a la Corporación de Fondo del Seguro del Estado (CFSE) e invocó la protección de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según emendada (11 LPRA sec. 1 et seq.)  En su reclamo alegó espasmos en el hombro derecho, debido al movimiento de grandes expedientes y cajas.  La señora Viera Torres se desempeñaba como Funcionaria Ejecutiva en la Oficina de Servicios Legislativos del Senado de Puerto Rico[3] y el movimiento de esos expedientes y cajas eran funciones inherentes a su trabajo[4].  Al momento de la radicación del caso ante la CFSE, la señora Viera Torres llevaba ocho (8) años trabajando para ese patrono.

Como parte del trámite administrativo de la reclamación de mayo 2018, la CFSE encontró que a la señora Viera Torres se le había otorgado beneficios y compensación de una Incapacidad Total y Permanente por una reclamación que instó hace más de 30 años, por unas lesiones sufridas en un antiguo empleo[5]. En aquel entonces, la señora Viera Torres cobró la totalidad de la incapacidad determinada por la CFSE el 13 de septiembre de 1987[6]. Debido a ello, y luego de aplicar las normas y leyes pertinentes, el 27 de diciembre de 2019 la CFSE determinó sobre la segunda reclamación de la señora Viera Torres, que:

> La ley de Compensaciones por Accidentes del Trabajo, 11 LPRA, sec. 3, según enmendada por la Ley Número 98 de 10 de julio de 1986, dispone expresamente que los obreros o empleados a quienes se les haya otorgado una incapacidad total permanente por la pérdida total y permanente de la visión industrial de ambos ojos; ambos pies por el tobillo o

---

[3] Véase el Apéndice 18.

[4] *Íd.* Véase también el Apéndice 21.

[5] El accidente del trabajo ocurrió el 26 de mayo de 1983 y el 13 de noviembre de 1984 se le otorgó una Incapacidad Total y Permanente. Caso CFSE 83-64-04593.

[6] Véanse los Apéndices 18 y 20.

más arriba; una mano y un pie; por haber quedado parapléjico o cuadrapléjico o por haber perdido permanentemente las funciones de ambas piernas y por ello se vea obligado a moverse en silla de ruedas, podrán retener los beneficios y la compensación que le hubiese sido otorgada si fuesen rehabilitadas en otra área industrial y volviesen a trabajar.

Conforme lo anterior, los obreros que sufran lesiones como las antes descritas son los únicos a quienes se les reconoce la posibilidad de desarrollarse en otro tipo de trabajo luego de haber sido declarados totalmente incapacitados por el Fondo.

La Incapacidad Total Permanente otorgada a la lesionada en el caso 83-64-04593 no cae en ninguna de las categorías previamente mencionadas. Por lo tanto, de conformidad con las normas administrativas establecidas por el Asegurador para estas situaciones, se concederán únicamente beneficios económicos a la reclamante.

Visto lo anterior, se resuelve, que la peticionaria sólo tendrá derecho a recibir tratamiento médico[7].

En desacuerdo con lo resuelto, la señora Viera Torres presentó, por derecho propio, un *Escrito de Apelación* ante la Comisión Industrial el 3 de febrero de 2020[8]. En su escrito, manifestó que no estaba conforme con la decisión tomada por la Corporación del Fondo sobre su caso, "ya que la lesión sufrida es distinta a la lesión del año 1987". Por ello, solicitó la protección íntegra de la Ley de Compensaciones.

Después de varios trámites procesales, el 10 de julio de 2020, la Comisión Industrial citó a las partes para una vista médica que se celebraría el 3 de agosto de 2020. El 5 de agosto de 2020, la Comisión Industrial emitió una *Resolución* en la que acogió las recomendaciones del médico asesor y ordenó el señalamiento de una vista pública.

La vista pública fue señalada para el 25 de agosto de 2021, bajo la causal de incapacidad total, condición pre-existente, derecho a tratamiento. El día de la vista pública la CFSE no presentó los dos expedientes relacionados a los casos de la señora Viera Torres, los cuales habían sido solicitados por la Comisión Industrial.  Así las

---

[7] Véase el Apéndice 18.
[8] La Corporación del Fondo no incluyó en el Apéndice del recurso copia del *Escrito de Apelación*.

cosas, la vista pública quedó pendiente de un nuevo señalamiento. El nuevo señalamiento de vista pública fue para el 19 de enero de 2022. Al mismo no compareció la representación legal de la señora Viera Torres. Sin embargo, la Oficial Examinadora hizo constar mediante Resolución Interlocutoria que era necesario el expediente del caso CFSE 83-64-04593. Nuevamente el caso quedó pendiente de un señalamiento futuro.

Finalmente, la vista pública se celebró el 17 de agosto de 2022. Tras la celebración de la audiencia, el Juez Administrativo le solicitó a la CFSE un Memorando de Derecho que sostuviera las alegaciones vertidas en la vista. Dicho Memorando de Derecho fue presentado el 29 de agosto de 2022.

Así las cosas, el 8 de septiembre de 2022, la Comisión Industrial emitió una *Resolución* en la que revocó el dictamen emitido por la CFSE[9]. La *Resolución* de la Comisión Industrial, contenía once (11) determinaciones de hechos y conclusiones de derecho. Las determinaciones de hechos parecen ser el producto de las alegaciones contenidas en los escritos, de los incidentes procesales ordinarios, de los argumentos de los abogados vertidos en sala y del Memorando de Derecho de la CFSE. No surge de dichas determinaciones de hecho ningún detalle o narración de testimonio alguno.

En las conclusiones de derecho, la Comisión Industrial destacó el carácter reparador de la legislación. En su dictamen discutió a *Negrón Marrero v. CJJ,* 11 DPR 651 (1981) al resaltar, en apretada síntesis, que una primera compensación por incapacidad no puede impedir una segunda compensación ante una nueva incapacidad causada por un nuevo accidente de trabajo. Por otra parte, distinguió, que los Artículos 3 y 5 de la Ley 45, supra[10], van

---

[9] Véanse los Apéndices 6 al 10.
[10] Según enmendados por la Ley 98 de 10 de julio de 1986.

dirigidos a no suspender los beneficios por compensación que reciben los empleados que tengan una incapacidad total y permanente anterior, bajo las condiciones designadas, y que se reintegran a la fuerza laboral una vez rehabilitados. No obstante, determinó que la referida enmienda no aplica a los empleados que sufren un nuevo accidente o enfermedad ocupacional, y que ya fueron compensados por otro caso distinto. Por consiguiente, determinó que:

> [...] la parte apelante tiene derecho a recibir los beneficios establecidos en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. § 1 et seq., para casos de Incapacidad Total Permanente por Factores Socioeconómicos.

Insatisfecho con lo resuelto, la Corporación del Fondo presentó una *Moción de Reconsideración*[11]. Argumentó que la determinación de la Comisión Industrial era errada, ya que la decisión en controversia solamente resuelve que la señora Viera Torres solamente tendrá derecho a recibir tratamiento médico sin que se hubiese emitido una decisión final. La CFSE añadió que la decisión de la Comisión Industrial le otorga a la señora Viera Torres los beneficios de la Ley de Compensaciones sobre Incapacidad Total Permanente por Factores Socio-Económicos, pero no se presentó prueba sobre ello, por lo que no era objeto de revisión.

A su vez, la Corporación del Fondo razonó que la enmiendas a los Artículos 3 y 5 de la Ley de Compensaciones, *supra*, establecen que los beneficios por concepto de una incapacidad total permanente tienen que suspenderse cuando el empleado es rehabilitado, excepto en los casos designados en las precitadas enmiendas.

---

[11] Véanse los Apéndices 2 al 5.

En respuesta a la petición de reconsideración, la Comisión Industrial emitió una *Resolución Enmendatoria Nun[c] Pro Tunc*, mediante la cual determinó lo siguiente:

> [...] enmendar nuestra resolución de Vista Pública notificada el 20 de octubre de 2022, a los únicos efectos de aclarar en el primer (1er) párrafo de la dispositiva **que la Incapacidad Total y Permanente concedida es desde el punto de vista médico y no por Factores Socioeconómicos**, para que lea de la siguiente manera:
>
> REVOCAR la decisión del Administrador de la Corporación del Fondo del Seguro del Estado notificada el 23 de enero de 2020. En su consecuencia, se DETERMINA que la parte apelante tiene derecho a recibir los beneficios establecidos en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. § 1 et seq., para casos de Incapacidad Total Permanente.
>
> Queda en toda su fuerza y vigor los demás extremos de nuestra resolución antes citada. (Énfasis suplido)[12].

Aún inconforme, la CFSE acudió ante nosotros y señaló la comisión de los siguientes dos errores:

> COMETIÓ ERROR DE DERECHO LA HONORABLE COMISIÓN INDUSTRIAL, AL OTORGAR UNA INCAPACIDAD TOTAL PERMANENTE EN CONTRAVENCIÓN A LAS DISPOSICIONES DEL ARTÍCULO 3 DE LA LEY.
>
> COMETIÓ ERROR DE DERECHO DE (SIC) HONORABLE COMISIÓN INDUSTRIAL, AL OTORGAR UNA INCAPACIDAD TOTAL PERMANENTE DESDE EL PUNTO DE VISTA MÉDICO, SIN QUE SE PRESENTARA PRUEBA MÉDICA ALGUNA.

## II.

## A.

Es la política pública del Estado Libre Asociado de Puerto Rico que a los empleados se le brinde la mejor y más amplia protección contra los riesgos en el empleo. Art. II, Sec. 16, Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1; Artículo 1-A de la Ley de Compensaciones, 11 LPRA sec. 1a. A esos fines, la Ley de Compensaciones, *supra*, estableció un sistema que funciona como un seguro compulsorio y exclusivo, cuyo propósito es proveer una ayuda económica a los trabajadores que sufran lesiones o les sobrevenga una incapacidad como

---

[12] Véase el Apéndice 1.

consecuencia de accidentes ocurridos en sus trabajos, hasta que puedan reintegrarse a la fuerza laboral. *Íd.*; *Marrero Cancel v. Caribbean Hospital Corp.,* 156 DPR 327 (2002). También, quedan asegurados los obreros que mueran por causa de algún accidente del trabajo. *Íd.*

El propósito principal de la Ley de Compensaciones es promover el bienestar de los empleados, establecer el deber de los patronos de compensar a sus empleados o a sus beneficiarios y establecer el sistema de seguros y el método para proceder con las reclamaciones. *Rivera Rivera v. Insular Wire,* 158 DPR 110, 118-119 (2002); *Rivera González v. Blanco Vélez Stores, Inc.,* 155 DPR 460 (2001); *López v. F.S.E.,* 146 DPR 778 (1998).

Las disposiciones de la Ley de Compensaciones aplicarán a todos los obreros y empleados que sufran lesiones y se inutilicen, o que pierdan la vida por accidentes ocurridos como consecuencia de las funciones inherentes a su trabajo, mientras se desempeñan como empleados y obreros para los patronos dueños de negocio, industria o patronos individuales. Artículo 2 de la Ley de Compensaciones, 11 LPRA sec. 2.

Por ser una legislación de carácter remedial, deberá interpretarse liberalmente. *Íd.*; *Ortiz Pérez v. F.S.E.,* 137 DPR 367, 373 (1994). Cualquier duda que surja al momento de su aplicación "respecto a la relación causal entre el trabajo o la ocupación del obrero y la lesión, incapacidad o muerte del empleado reclamante, deberá resolverse a favor de éste". *Íd.*, pág. 374.

Al interpretar este estatuto, el Tribunal Supremo de Puerto Rico resolvió que es compensable un accidente que cumpla con los siguientes requisitos: (a) que provenga de cualquier acto o función del obrero; (b) que sea inherente al trabajo o empleo del obrero; y (c) que ocurra en el curso de éste. *Admor., F.S.E. v. Comisión Industrial,* 101 DPR 56 (1973).

En su parte pertinente, el Artículo 3 de la Ley de Compensaciones, *supra,* según enmendado y el cual citaremos *in extenso,* dispone que todo obrero o empleado que sufriere lesiones o enfermedades ocupacionales bajo las condiciones establecidas en el estatuto, tendrá derecho a recibir asistencia médica, recibir compensación por incapacidad transitoria, incapacidad parcial permanente, incapacidad total permanente y compensación por muerte.

El referido precepto considera la incapacidad total permanente como:

> [...] la pérdida total y permanente de la visión industrial de ambos ojos, la pérdida de ambos pies por el tobillo o más arriba; la pérdida de ambas manos por la muñeca o más arriba; la pérdida de una mano o un pie; perturbaciones mentales totales que sean incurables, **y las lesiones que tengan por consecuencia la incapacidad total y permanente del obrero o empleado, para hacer toda clase de trabajo u ocupaciones remunerativas.** (Énfasis suplido).

No obstante lo anterior, la Ley Número 98 del 10 de julio de 1986, enmendó los Artículos 3 y 5 de la Ley de Compensaciones, *supra,* para proveer que el empleado incapacitado total y permanentemente, bajo las condiciones determinadas en la norma, no pierda los beneficios ni compensación por causa de su rehabilitación e integración a la fuerza laboral. Así pues, el Artículo 3, *supra,* quedó conformado como sigue:

> [...] si un obrero o empleado incapacitado total y permanentemente por haber perdido total y permanentemente la visión industrial de ambos ojos; ambos pies por el tobillo o más arriba; ambas manos de la muñeca o más arriba; una mano y un pie; o por haber quedado parapléjico o cuadrupléjico o por haber perdido permanentemente las funciones de ambas piernas en forma tal, que se vea obligado a moverse en un sillón de ruedas; **a pesar de dicha condición es rehabilitado en cualquier otra área de la industria, *no se le suspenderán los beneficios ni la compensación a que tiene derecho* por concepto de la incapacidad total y permanente, aunque la Comisión Industrial determinase que ha cesado dicha incapacidad.** (Énfasis suplido).

> [...]

A tenor, el Artículo 5 de la Ley de Compensaciones, *supra,* dispone lo siguiente:

> [...] En los casos de incapacidad parcial permanente y total permanente, el obrero o empleado, a instancias del Administrador, **está obligado a comparecer ante la Comisión Industrial para someterse a examen a fin de determinar si ha cesado su incapacidad durante el período que recibe su compensación, la que suspenderá tan pronto cese tal incapacidad; Disponiéndose, que si un obrero o empleado incapacitado total y permanente por haber perdido total y permanentemente la visión industrial de ambos ojos, ambos pies por el tobillo o más arriba, ambas manos por la muñeca o más arriba, una mano y un pie o por haber quedado parapléjico o cuadrupléjico o por haber perdido permanentemente las funciones de ambas piernas, en forma tal que se vea obligado a moverse en un sillón de ruedas, a pesar de dicha condición, ha sido rehabilitado en cualquier otra área de la industria,** *no se le suspenderá la compensación a que tiene derecho por concepto de la incapacidad total y permanente, aunque la Comisión Industrial determinase que ha cesado dicha incapacidad, de conformidad con el inciso (d) del Artículo 3 de esta ley.* Se entenderá que una vez transcurridos tres (3) años desde el cierre definitivo del caso, no habrá reapertura a excepción de los casos expresamente señalados en el Artículo 3 (a)(1) de esta ley. (Énfasis suplido). 11 LPRA sec. 6.

Al enfrentarse a una situación similar a la de autos y luego de examinar las disposiciones precitadas antes de ser enmendadas, el Tribunal Supremo de Puerto Rico, dispuso que sería injusto que la Corporación del Fondo le negara compensación a un empleado por una nueva incapacidad que surja como consecuencia de un segundo accidente del trabajo. *Negrón v. C.I.T. Fin. Serv.*, 111 DPR 657, 665 (1981).

El Alto Foro razonó que la incapacidad total definida no es sinónimo de incapacidad absoluta. *Negrón v. C.I.T. Fin. Serv.*, supra, pág. 664. Por consiguiente, determinó que una persona incapacitada puede ejercer otros oficios o profesiones que su condición incapacitante le permita. *Íd.* Asimismo, sentenció que prohibir a estas personas que se reintegren a la fuerza laboral en un empleo remunerado no incompatible con su condición sería "injusto y opresivo" y chocaría con el Art. II, Sec. 16 de la Constitución del Estado Libre Asociado, *supra,* que específicamente establece "'el

derecho de todo trabajador a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable'". *Íd.*, pág. 665. En consecuencia, el Máximo Foro pronunció que "[l]a compensación que una vez se pagó no puede impedir otra compensación". *Íd.*, pág. 666.

Así, luego de analizar otras jurisdicciones estatales, el Tribunal Supremo adoptó los criterios que citaremos a continuación, para determinar si un caso es compensable bajo la Ley de Compensaciones, en aquellas instancias en que se ha decretado la incapacidad total permanente de un empleado y, por causa de un nuevo accidente de trabajo, sufre otra incapacidad. De forma tal, que se pueda evitar una doble compensación. *Negrón v. C.I.T. Fin. Serv.*, supra, pág. 668.

En particular, resolvió que se deberá examinar primero, si la segunda incapacidad debe ser el resultado de otro accidente, no del anterior; segundo, la segunda incapacidad no debe guardar relación con la primera; y, tercero, el empleado no tiene que estar total y permanentemente incapacitado para realizar el tipo de trabajo en que se desempeña cuando sobreviene la segunda incapacidad. *Íd.*

**B.**

Es norma firmemente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias administrativas cuentan con vasta experiencia y conocimiento especializado en cuanto a los asuntos que les han sido encomendados. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será

respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012). Así, en cuanto a las determinaciones de hecho que realiza una agencia, el Tribunal Supremo ha resuelto que los tribunales revisores tienen que sostenerlas si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). Véase, además, Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Superintendente*, 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Otero v. Toyota*, 163 DPR 716, 728-729 (2005).

Por lo tanto, la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota*, supra, pág. 728. En fin, el tribunal debe limitar su intervención a evaluar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Ahora bien, lo anterior "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia". *Otero v. Toyota*, supra, pág. 729. Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la

discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Otero v. Toyota*, supra, pág. 729. Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa". *Íd.*

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

**III.**

Es la posición de la CFSE que después de las enmiendas a los Artículos 3 y 5 de la Ley de Compensaciones, *supra*, la compensación y beneficios que recibe una persona con incapacidad total permanente tienen que ser suspendidos después de que ésta es rehabilitada, con excepción de los casos específicamente preceptuados en los referidos artículos. Asegura que todas las demás situaciones no contempladas en los artículos precitados dan lugar a la negación del beneficio por incapacidad total permanente, aunque ésta surja de un nuevo accidente o lesión en el trabajo. Bajo este fundamento, sostiene que la señora Viera Torres no tiene derecho a ser compensada por un segundo accidente de trabajo, ya que ésta recibió los beneficios de una primera incapacidad total

permanente el 13 de noviembre de 1984. Alega que los diagnósticos que se establecen en la decisión del caso de 1984, no se encuentran bajo las excepciones contenidas en el Artículo 3 y 5 de la Ley de Compensaciones, *supra.*

Por otro lado, argumenta que la Comisión Industrial incidió al otorgar una incapacidad total permanente a la señora Viera Torres, a pesar de que lo único que estaba en controversia no era la revisión de una incapacidad, sino el remedio único a que tiene derecho una persona que sufre un accidente del trabajo, posterior a recibir los beneficios de una incapacidad total permanente.

Sobre este particular, arguye que en la vista pública que celebró la Comisión Industrial no se desfiló prueba sobre otro aspecto que no fuera la interpretación del Artículo 3 de la Ley de Compensaciones. Aduce que no hubo testimonio médico que sostuviera la concesión de una incapacidad total permanente como se establece en la determinación de la Comisión Industrial. Veamos.

Tenemos ante nuestra consideración decidir si la Comisión Industrial, al interpretar el Artículo 3 de la Ley de Compensaciones, *supra*, incidió al reconocer que la señora Viera Torres es acreedora de los beneficios que provee el estatuto a los empleados lesionados por causa de las funciones inherentes a su empleo.

Ciertamente, por tratarse de un estatuto interpretado por la agencia que lo administra, merece nuestra deferencia, a menos que su conclusión sea una irrazonable y contraria al propósito legislativo. *Vázquez v. A.R.P.E.*, 128 DPR 513, 524 (1991). Es un principio fundamental de hermenéutica que en la interpretación de las disposiciones de una ley se debe considerar su propósito y la intención de la Asamblea Legislativa al aprobarla. *Vázquez v. A.R.P.E.,* supra, pág. 523. La función de los tribunales es darle efectividad a la intención legislativa. Asimismo, "[a]l interpretar y

aplicar un estatuto, hay que hacerlo teniendo presente el propósito social que lo inspiró". *Íd.*

En el ejercicio de nuestra función revisora debemos determinar si la interpretación dada por el ente administrativo es cónsona con el propósito de la ley que administra. No lo es. De una lectura de la política pública contenida en el Artículo 1-A de la Ley de Compensaciones, 11 LPRA 1a, encontramos que la intención de la Asamblea Legislativa fue proveer una protección **a todo** trabajador contra los riesgos a su salud en el empleo. Ciertamente, dejar desprovista a la señora Viera Torres de la protección íntegra que provee la Ley de Compensaciones va en contra del propósito principal del estatuto.

Como mencionamos en la parte precedente, esta legislación, de carácter remedial, creó un sistema de seguro compulsorio y exclusivo para compensar a los empleados "que sufran lesiones, se inutilicen o mueran como consecuencia de accidentes ocurridos en sus trabajos o de enfermedades ocupacionales". *Íd.*; *Rodríguez v. Méndez & Co.*, 147 DPR 734, 739 (1999). En estos casos, la obligación del patrono asegurado es absoluta y los empleados perjudicados tienen derecho a recibir los remedios compensatorios que provee el estatuto. Artículo 3 de la Ley de Compensaciones, *supra*. En cambio, los patronos gozan de inmunidad con relación a los daños y perjuicios sufridos por el trabajador. Artículos 23 y 25 de la Ley de Compensaciones, 11 LPRA secs. 26 y 28.

En consideración a lo anterior, hacemos eco de las palabras del Tribunal Supremo de Puerto Rico en el caso *Negrón v. C.I.T. Fin. Serv.*, supra, pág. 665, cuando pronunció que "[s]i ese patrono paga las correspondientes primas al Fondo del Seguro del Estado no sería justo que el Fondo negara compensación por una nueva incapacidad [...]".

En el caso de marras, la señora Viera Torres recibió una compensación por una incapacidad total permanente que sufrió en 1984, por un accidente distinto al que reclama hoy. La nueva condición de salud no guarda relación alguna con la primera incapacidad que sufrió la empleada, según surge de los documentos contenidos en el Apéndice del recurso y de las propias alegaciones del Fondo. Tampoco, la señora Viera Torres tenía que estar total y permanentemente incapacitada en su empleo actual, cuando le sobrevino la segunda enfermedad. *Negrón v. C.I.T. Fin. Serv.*, supra, pág. 668.

Cumplidos los anteriores requisitos consignados en *Negrón v. C.I.T Fin. Serv.*, supra, nos parece que la alegación de la Corporación del Fondo, cuando sostiene que la señora Viera Torres no tiene derecho a que se le otorgue una nueva incapacidad, va en contra de la intención que tuvo la Asamblea Legislativa al crear la Ley de Compensaciones, que es proveer protección a los obreros y trabajadores de las lesiones, incapacidad o muerte que puedan sufrir en sus empleos. Por ser una legislación de carácter remedial, ésta debe interpretarse liberalmente y cualquier duda en su aplicación deberá resolverse a favor del trabajador. Artículo 2 de la Ley de Compensaciones, *supra.*

Por ello, concluir que la intención de las enmiendas a los Artículos 3 y 5 de la Ley de Compensaciones, *supra*, fue eliminar el derecho a recibir compensación por una nueva incapacidad que surgiere por un accidente distinto en un nuevo trabajo, luego de que el empleado se haya rehabilitado, es irrazonable y contrario al propósito de la Ley de Compensaciones, que es proveer no solamente asistencia médica, sino ayuda económica a aquellos empleados que por razones de su incapacidad no cuentan con los medios económicos para subsistir.

Al examinar en conjunto las enmiendas a los Artículos 3 y 5 de la Ley de Compensaciones, *supra,* podemos deducir que el propósito de enmendar las disposiciones fue asegurarse que los empleados incapacitados total y permanentemente **por haber perdido total y permanentemente la visión industrial de ambos ojos, ambos pies por el tobillo o más arriba, ambas manos por la muñeca o más arriba, una mano y un pie, o por haber quedado parapléjicos o cuadripléjicos, por haber perdido permanentemente las funciones de ambas piernas en forma tal que se vean obligados a moverse en un sillón de ruedas**, no quedaran desprovistos de los beneficios ni compensación a los que tienen derecho por concepto de la incapacidad total y permanente, aunque la Comisión Industrial determinase que ha cesado dicha incapacidad.

No obstante, lo anterior no aplica a los trabajadores que han recibido una incapacidad parcial permanente y total permanente por otras lesiones distintas a las antes mencionadas. Éstos están obligados a comparecer ante la Comisión Industrial para que el organismo determine si ha cesado su incapacidad durante el período que recibe su compensación, la que será suspendida tan pronto cese la incapacidad. Artículo 5 de la Ley de Compensaciones, *supra.* Esto no quiere decir que aquellos empleados a los que se le haya concedido una incapacidad total y permanente por otras lesiones no contenidas en la excepción no tengan derecho a solicitar y a recibir los beneficios y compensación que ofrece la legislación si le sobreviene una nueva incapacidad como consecuencia de una lesión o accidente en un nuevo empleo.

Por tanto, colegimos que la intención de las enmiendas a los Artículos 3 y 5 de la Ley de Compensaciones, *supra,* fue reconocerle a los empleados incapacitados total y permanentemente por las condiciones de salud especificadas, **la continuación** de los

beneficios y compensación otorgada, aunque la Comisión Industrial haya determinado el cese de la incapacidad.

Consecuentemente, entendemos que las referidas enmiendas no dejaron sin efecto la interpretación a la Ley de Compensaciones que plasmó el Tribunal Supremo de Puerto Rico en el caso *Negrón v. C.I.T. Fin. Serv.*, supra, el cual continúa vigente.

En mérito de lo anterior, resolvemos que la Comisión Industrial no incidió al reconocer que a la señora Viera Torres le corresponde recibir todas las protecciones y beneficios reconocidos en la Ley de Compensaciones.

No obstante, la Corporación del Fondo también nos señala que la Comisión Industrial erró al decidir otorgar una incapacidad total permanente a la señora Viera Torres. Sostuvo que en la vista pública no se desfiló prueba a esos fines y que no hubo ningún testimonio médico que sostuviera tal concesión. Veamos.

Para atender la apelación presentada por la señora Viera Torres, la Comisión Industrial celebró una **vista médica** el 3 de agosto de 2020, en la que los médicos asesores de la Corporación del Fondo y de la Comisión Industrial evaluaron el caso de la señora Viera Torres. Sin embargo, no surge si hubo testimonios médicos o cuál fue la prueba documental que se consideró.

Tras acoger las recomendaciones del médico asesor de la Comisión Industrial, la Dra. Elsa Arias Ríos, el organismo administrativo decidió ordenar la celebración de una vista pública, con el fin de determinar finalmente, a base de las disposiciones en controversia, si la señora Viera Torres era merecedora de recibir los beneficios que provee la Ley de Compensaciones, *supra*, y que le fueron denegados por la Corporación del Fondo. Finalmente, la Comisión Industrial falló a favor de la señora Viera Torres.

No cabe duda de que, en la *Resolución* enmendada, la Comisión Industrial se reafirmó en que la señora Viera Torres tiene

derecho a recibir todos los beneficios que provee la Ley de Compensaciones. Sin embargo, catalogó los beneficios **"para casos de Incapacidad Total Permanente"**. Aunque entendemos que el organismo administrativo se refirió a la Incapacidad Total Permanente, como uno de los **posibles** beneficios que podría tener la señora Viera Torres, en esta etapa de los procedimientos no existe una determinación de la CFSE o de la Comisión Industrial donde se haya clasificado a ésta como una beneficiaria de una incapacidad total permanente.

Por tanto, hasta que el caso de la señora Viera Torres no sea evaluado en su totalidad y se determine que ésta se encuentra incapacitada total y permanentemente, nos parece prematuro que la Comisión Industrial haya determinado que la señora Viera Torres tenía derecho a recibir los beneficios para los casos de Incapacidad Total Permanente.

**IV.**

Por los fundamentos que anteceden, se **modifica** la *Resolución* recurrida a los fines de aclarar, que la señora Migdalia Viera Torres tiene derecho a recibir **todos los beneficios** establecidos en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensación por Accidentes del Trabajo, 11 LPRA seccs. 1 et seq.

En su día se deberá determinar, por la autoridad competente, si procede o no conceder algún tipo de incapacidad a la señora Migdalia Viera Torres, a raíz de la reclamación por accidente de trabajo de mayo de 2018 y de la prueba médica que en su día se presente.

Así modificada, se confirma.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones